Steven N. Geise (SBN 249969)
JONES DAY
sngeise@jonesday.com
4655 Executive Drive
Suite 1500
San Diego, CA 92121
Tel: (858) 314-1200
Fax: (844) 345-3178

*[Additional counsel identified on signature page]*
Counsel for Plaintiffs
R.J. Reynolds Tobacco Company; R.J. Reynolds Vapor Company; American Snuff Company, LLC; Santa Fe Natural Tobacco Company, Inc.; Neighborhood Market Association, Inc.; and Morija, LLC dba Vapin' the 619.

*[Counsel for additional plaintiffs and defendants identified on signature page]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.J. REYNOLDS TOBACCO COMPANY, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California; and SUMMER STEPHAN, in her official capacity as District Attorney for the County of San Diego,<br><br>    *Defendants*. | Case No. 3:20-cv-01990-JLS-WVG<br><br>Hon. Janis L. Sammartino<br><br>**JOINT STATUS REPORT**<br><br>Complaint Filed: October 9, 2020 |

On January 22, 2021, this Court vacated the consolidated hearing scheduled for January 28, 2021, in this case as well as the related cases *R.J. Reynolds Tobacco Company, et al. v. County of San Diego, et al.*, Case No. 3:20-cv-01290 ("*Reynolds v. San Diego*"), and *Neighborhood Market Association, Inc., et al. v. County of San Diego*, Case No. 3:20-cv-01124 ("*NMA v. San Diego*"). *See R.J. Reynolds Tob. Co. v. Becerra*, No. 3:20-cv-1990, ECF No. 47 ("*Becerra*"). The Court stated that it "will reset the hearing on these motions in a future order." *Id.* The Court also ordered "the Parties to file a joint status report … on the status of the referendum petition challenging S.B. 793." *Id.* Plaintiffs R.J. Reynolds Tobacco Company; R.J. Reynolds Vapor Company; American Snuff Company, LLC; Santa Fe Natural Tobacco Company, Inc.; Philip Morris USA Inc.; John Middleton Co.; U.S. Smokeless Tobacco Company LLC; Helix Innovations LLC; Neighborhood Market Association, Inc.; and Morija, LLC dba Vapin' the 619; and Defendants Xavier Becerra, in his official capacity as Attorney General of California, and Summer Stephan, in her official capacity as District Attorney for the County of San Diego, submit this joint report in accordance with this Court's instruction.

## STATUS OF THE REFERENDUM

On January 22, 2021, the California Secretary of State certified that the referendum challenging SB793 has qualified for the November 8, 2022 election. *See* Cal. Sec. of State, *Nov. 8, 2022 Statewide Ballot Measures*, at https://tinyurl.com/y3fd9wma (Jan. 22, 2021). The referendum has thus "suspend[ed] operation" of SB793 unless and until "it is approved by a majority of voters." *Wilde v. City of Dunsmuir*, 9 Cal. 5th 1105, 1111, 470 P.3d 590, 593 (2020); *see also* ECF No. 39-1 (Letter from P. Nascenzi to C. Vergonis (Dec. 9, 2020)) (agreeing that in this situation SB793 is suspended).

In anticipation of that certification, Plaintiffs' counsel reached out to Defendants' counsel asking if the Attorney General would agree to an extended compliance period following the November 2022 election in exchange for asking this

Court to hold this case in abeyance until the vote. In particular, Plaintiffs' counsel proposed the following: "If the referendum on SB793 qualifies for the ballot, then in exchange for Plaintiffs' agreement to ask the Court to hold this case in abeyance pending the outcome of the referendum vote, would the Attorney General stipulate to not enforce SB793, if voters approve the law, until 90 days after the Secretary of State certifies the results of the referendum?" The Attorney General rejected the proposal.

## PARTIES' POSITIONS

As articulated in the parties' supplemental briefing, Plaintiffs and Defendants disagree as to the justiciability of the challenge to S.B. 793. *See Becerra*, ECF No. 43 (Plaintiffs' Supplemental Brief (Jan. 14, 2021)); *id.*, ECF No. 42 (Defendant Stephan's Supplemental Brief (Jan. 14, 2021)); *id.*, ECF No. 41 (Defendant Becerra's Supplemental Brief (Jan. 14, 2021)). However, the parties to the San Diego challenges agree that the statewide referendum does not affect the justiciability of those cases. *See Becerra*, ECF No. 43 (Plaintiffs' Supplemental Brief 9 (Jan. 14, 2021)); *id.*, ECF No. 42 (Defendant Stephan's Supplemental Brief 2 (Jan. 14, 2021)). In both of the San Diego cases, this Court has fully briefed motions to dismiss as well as motions for preliminary injunctions. *Reynolds v. San Diego*, ECF 6, 26; *NMA v. San Diego*, ECF Nos. 4, 12. The parties agree that the challenges to San Diego's Ordinance are live controversies. *See Becerra*, ECF No. 43 (Plaintiffs' Supplemental Brief 9 (Jan. 14, 2021)); *id.*, ECF No. 42 (Defendant Stephan's Supplemental Brief 2 (Jan. 14, 2021)). The Court should therefore address those motions in the ordinary course. Should this Court schedule a hearing on the pending motions in those cases, however, the parties ask the Court to consult with them prior to scheduling the hearing.

**Plaintiffs' Position.** This Court's most recent order stated that the vacated hearing would be rescheduled. ECF No. 47. Plaintiffs agree that the hearing should be rescheduled, and they respectfully request that the hearing on the motions in the

statewide challenge take place no later than the end of this year. Plaintiffs do, however, reserve the right to request an earlier hearing date should circumstances change.

A hearing prior to the end of the year is necessary to prevent harm that delayed resolution would cause to both Plaintiffs and the Court. Indeed, should voters approve SB793, SB793 would go into effect just five days after election results are certified. Cal. Const. art. II, § 10. As a result, waiting to resolve this case until after the referendum vote will have significant consequences, which Plaintiffs detailed in their supplemental brief. ECF No. 43 (Jan. 14, 2021). In short, regardless of the ultimate outcome of the referendum, Plaintiffs will need to expend resources to comply with SB793 well before the referendum is complete, since they will need to restructure their manufacturing, marketing, and sales operations in response to a law that bars the retail sale of flavored tobacco products in the largest state in the nation. Moreover, if voters approve SB793, this Court will have to resolve its legality on a highly expedited, emergency basis; indeed, potentially in as few as five days. *See id.*

Finally, separate from the statewide challenge, this Court should hold a hearing on the pending motions in the San Diego challenges in the ordinary course. Those cases have competing dispositive motions and have been fully briefed for some time now. And because of the referendum certification, the San Diego Ordinance is having real-world effects—preventing the retail sale of flavored tobacco products—independent of state law. There is thus no longer a reason to consolidate the hearings in those cases with the hearing in the statewide challenge. Instead, the Court should proceed with a hearing on the motions in the San Diego cases in the ordinary course.

**Defendants' Position.** As articulated in supplemental briefing, Defendants take the position that the referendum has stripped the Court of jurisdiction to hear Plaintiffs' challenge to S.B. 793, either because S.B 793's legislative process has not yet come to an end or because Plaintiffs' challenge is unripe. *See* Def. Becerra's Suppl. Br., ECF No. 41.

Additionally, Defendants do not believe that a hearing is necessary to resolve this case or the San Diego challenges—both justiciability and the merits have been fully briefed. *See* S.D. Cal. Civ. R. 7.1(d)(1) ("A judge may, in the judge's discretion, decide a motion without oral argument."). However, should the Court intend to hold a hearing to address either the merits or justiciability of Plaintiffs' challenge to S.B. 793, Defendants ask that it be consolidated with any hearing held to address the pending motions in the San Diego challenges.

Dated: February 4, 2020

Respectfully submitted,

JONES DAY

By: */s/ Steven N. Geise*
    Steven N. Geise
    sngeise@jonesday.com

Noel J. Francisco*
Christian G. Vergonis*
Ryan J. Watson*
Andrew Bentz*
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
* admitted *pro hac*

*Attorney for Plaintiffs*
R.J. REYNOLDS TOBACCO COMPANY;
R.J. REYNOLDS VAPOR COMPANY;
AMERICAN SNUFF COMPANY, LLC;
SANTA FE NATURAL TOBACCO COMPANY, INC.; NEIGHBORHOOD MARKET ASSOCIATION, INC.; and MORIJA, LLC dba VAPIN' THE 619

NOONAN LANCE BOYER & BANACH, LLP

By: */s/ David J. Noonan*
    David J. Noonan
    dnoonan@noonanlance.com

|   |   |
|---|---|
| 1 | Lisa S. Blatt* |
| 2 | Sarah M. Harris* |
|   | WILLIAMS & CONNOLLY LLP |
| 3 | 725 Twelfth Street NW |
|   | Washington, D.C. 20005 |
| 4 | Tel: (202) 434-5000 |
|   | Fax: (202) 434-5029 |
| 5 | * admitted *pro hac* |

*Attorney for Plaintiffs*
PHILIP MORRIS USA INC.; JOHN MIDDLETON CO.; U.S. SMOKELESS TOBACCO COMPANY LLC; and HELIX INNOVATIONS LLC

OFFICE OF THE CALIFORNIA ATTORNEY GENERAL

XAVIER BECERRA
Attorney General of California
RENU R. GEORGE
Senior Assistant Attorney General
NICHOLAS M. WELLINGTON
Supervising Deputy Attorney General
JAMES V. HART
Deputy Attorney General

By: */s/ Peter F. Nascenzi*
PETER F. NASCENZI
*Attorney for Defendant*
Deputy Attorney General
*Attorneys for Defendant*
Xavier Becerra, in his official capacity as Attorney General of California

OFFICE OF THE SAN DIEGO COUNTY COUNSEL

By: */s/ Joshua M. Heinlein*
Joshua M. Heinlein, Senior Deputy
Joshua.Heinlein@sdcounty.ca.gov

*Attorney for Defendant*
SUMMER STEPHAN, IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR THE COUNTY OF SAN DIEGO

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for the parties, and that I have obtained their authorization to affix their electronic signatures to this document.

Dated: February 4, 2020

Respectfully submitted,

JONES DAY

By: */s/ Steven N. Geise*
Steven N. Geise
sngeise@jonesday.com

*Attorney for Plaintiffs*
R.J. REYNOLDS TOBACCO COMPANY;
R.J. REYNOLDS VAPOR COMPANY;
AMERICAN SNUFF COMPANY, LLC;
SANTA FE NATURAL TOBACCO
COMPANY, INC.; NEIGHBORHOOD
MARKET ASSOCIATION, INC.; and
MORIJA, LLC dba VAPIN' THE 619