UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.J. REYNOLDS TOBACCO COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Attorney General of California; and SUMMER STEPHAN, in her official capacity as District Attorney for the County of San Diego,<br><br>Defendants. | Case No.: 20-CV-1990 JLS (WVG)<br><br>**ORDER DENYING PLAINTIFFS'** ***EX PARTE*** **APPLICATION**<br><br>(ECF No. 50) |

Presently before the Court is Plaintiffs' *Ex Parte* Application for Leave to File a Notice of Recent Development re Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Appl.," ECF No. 50). Defendants filed an Opposition to Plaintiffs' Application ("Opp'n," ECF No. 51). After considering the Parties' arguments and the law, the Court **DENIES** Plaintiffs' Application.

Plaintiffs request leave to file a notice of recent development "in order to bring the Court's attention to a new development which is highly germane and relevant to Plaintiffs' Opposition to the Motion to Dismiss." Appl. at 2. Plaintiffs request the Court consider the

FDA's authorization of Plaintiffs' Premarket Tobacco Product Application ("PMTA") for the IQOS 3 tobacco heating system on December 7, 2020. Ex. A ¶ 1, ECF No. 50-1. Plaintiffs argue that "[t]o authorize PMTAs, FDA engages in a comprehensive determination of whether manufacturers have shown that the product is 'appropriate for the protection of public health.'" *Id.* (quoting 21 U.S.C. § 387j(c)(4)). Plaintiffs contend that the FDA's PMTA approval is relevant "to Plaintiffs' argument that SB793 is impliedly preempted[.]" *Id.* ¶ 3.

"In our adversary system, ex parte motions are disfavored." *Ayestas v. Davis*, 138 S. Ct. 1080, 1091 (2018); *accord United States v. Thompson*, 827 F.2d 1254, 1257 (9th Cir. 1987). Consequently, "opportunities for legitimate ex parte applications are extremely limited." *Maxson v. Mosaic Sales Sols. U.S. Operating Co., LLC*, No. 2:14-CV-02116-APG, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015) (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). A proper *ex parte* motion must "address . . . why the regular noticed motion procedures must be bypassed," i.e., "it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). This District has additional requirements that parties must meet to demonstrate they are entitled to *ex parte* relief:

> A motion for an order must not be made ex parte unless it appears by affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

S.D. Cal. Civ. R. 83.3(g)(2).

As an initial matter, the Court concludes that Plaintiffs have not demonstrated entitlement to *ex parte* relief. Compliance with the Local Rules is a prerequisite, not a

substitution, for the additional requirements for *ex parte* relief articulated in the case law. Plaintiffs have not averred in an affidavit or declaration that they informed or made attempts to inform Defendants of Plaintiffs' intent to file the present Application. Defendants confirm in their Opposition that they "are unaware of any attempt by Plaintiffs to give Defendants or their counsel notice of the motion prior to its filing, and Plaintiffs have provided no reason notice should not have been given." Opp'n at 2 (citing S.D. Cal. Civ. R. 83.3(g)). Therefore, Plaintiffs' Application is procedurally deficient and must be denied.

Further, Plaintiffs seek to inform the Court of an approval issued on December 7, 2020. See Ex. A at ¶¶ 1–2. Plaintiffs filed their Opposition to Defendants' Motion to Dismiss on January 14, 2021. *See* ECF No. 44. The Court will not consider arguments or information available to Plaintiffs at the time they filed their Opposition, but that Plaintiffs omitted from their briefing. Where a party simply fails to include a particular argument in its opposition to a motion to dismiss, courts generally consider that argument waived. *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 (N.D. Cal. 2013) (holding that argument was conceded where party failed to address it in its opposition). Plaintiffs' Opposition was filed more than a month after the FDA approved Plaintiffs' PMTA for the IQOS 3 tobacco heating system. *See* Ex. A ¶ 1. Plaintiffs have not identified any new approvals issued by the FDA since they filed their Opposition brief, just that Plaintiffs "expect[]" the FDA to act on other pending PMTAs. Therefore, any argument that Plaintiffs seek to make based on PMTA approvals issued prior the filing of Plaintiffs' Opposition brief is waived.

For the foregoing reasons, Plaintiffs' *Ex Parte* Application is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 16, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge