UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.J. REYNOLDS TOBACCO COMPANY et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 20-CV-1990-CAB-WVG<br><br>**ORDER DISMISSING CASE FOR LACK OF JURISDICTION**<br><br>[Doc. Nos. 6, 36, 38] |

　　　In this matter, Plaintiffs ask the Court to declare that California Senate Bill 793 ("S.B. 793") is invalid and unenforceable because it is preempted by federal law and violates the dormant Commerce Clause of the United States Constitution. On the same day they filed the complaint, Plaintiffs moved for a preliminary injunction on enforcement of S.B. 793. [Doc. No. 6.] Defendants have opposed Plaintiffs' motion and moved to dismiss the complaint for failure to state a claim. [Doc. Nos. 36, 38.] Upon review of the record,[1] the Court finds that Plaintiffs' challenge to the constitutionality of S.B. 793 is not ripe for

---

[1] The motions had been pending before another judge. The case was recently reassigned to the undersigned.

resolution and that therefore the Court lacks subject matter jurisdiction. Accordingly, the motion for preliminary injunction is denied as moot, and this case is dismissed.

When the complaint was filed, S.B. 793 was set to go into effect on January 21, 2021. In the interim, however, the California Secretary of State certified that a referendum challenging S.B. 793 has qualified to be on the ballot for the November 8, 2022 election. *See* Doc. No. 48. The parties agree that "[t]he referendum has thus 'suspend[ed] operation' of S.B. 793 unless and until 'it is approved by a majority of voters.'" *Id.* (quoting *Wilde v. City of Dunsmuir*, 9 Cal. 5th 1105, 1111 (2020)). In light of the referendum, Plaintiffs concede that their motion for a preliminary injunction is moot. [Doc. No. 43 at 3 ("[I]f the referendum qualifies, Plaintiffs' motion for a preliminary injunction will be moot. . . ."). Accordingly, the motion for a preliminary injunction is **DENIED**.

Notwithstanding the foregoing, Plaintiffs still contend that the Court retains subject matter jurisdiction over their case. The Court is not persuaded. "The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring . . . that claims be 'ripe' for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121–22 (9th Cir.2010) (citing *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). "[R]ipeness is a means by which federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur." *Id.* "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990).

"The central concern of the ripeness inquiry is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Chandler*, 598 F.3d at 1122-23. Here, although S.B. 793 has been passed by the California legislature and signed by the Governor, S.B. 793 will never be enforceable against Plaintiffs (or anyone) if it does not survive the referendum set to go forward on November 8, 2022. In other words, any purported injury to Plaintiffs caused by

enforcement of S.B. 793 is contingent on the outcome of the referendum and may not occur at all.

Plaintiffs argue that this case is ripe because there is a "realistic danger that SB793 will go into effect," citing *Babbitt v. United Farm Workers National Union*, 442 U.S. 289 (1979). *Babbitt* is distinguishable. *Babbitt* addressed whether a plaintiff who has not been subject to injury from a statute's operation or enforcement may challenge the statute. The statute in question in *Babbitt*, however, was already in effect, and was in fact being enforced. *See Babbitt*, 442 U.S. at 293 (noting that the lower court had determined that the case was justiciable "on the basis of past instances of enforcement of the Act and in light of the imposition of criminal penalties for 'violat[ion of] any provision of the Act.'"). The issue being considered by the Court there was whether the plaintiffs had a ripe claim even if they had not personally been subject to a criminal enforcement action, with the Court noting that "[w]hen contesting the constitutionality of a criminal statute, 'it is not necessary that [the plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute that he claims deters the exercise of his constitutional rights.'" *Id.* at 298 (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 (1974)). Plaintiffs face no such risk of prosecution here. Unlike *Babbitt*, there currently is no "realistic danger" that Plaintiffs will be prosecuted for violation of S.B. 793, and there will not be any such realistic danger until after November 8, 2022, if at all. Accordingly, Plaintiffs' claims are unripe, and this Court lacks subject matter jurisdiction.

In light of the foregoing, it is hereby **ORDERED** that the complaint is **DISMISSED** for lack of subject matter jurisdiction. This case is **CLOSED**.

It is **SO ORDERED**.

Dated: August 6, 2021

Hon. Cathy Ann Bencivengo
United States District Judge